**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **SITEWORKS SOLUTIONS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-2130 A/P** |
| | ) | |
| **ORACLE CORPORATION and OIC ACQUISITION V CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER**

---

Before the court by order of reference is the Motion to Transfer to Northern District of California pursuant to 28 U.S.C. § 1404(a), filed by defendants Oracle Corporation and OIC Acquisition V Corporation (collectively "Oracle"). (D.E. 6). The court has considered the motion, briefs, and exhibits submitted in support of and in opposition to the motion, the reply brief, and the arguments of counsel at the hearing on the motion. For the reasons below, the motion to transfer is DENIED.[1]

## I. BACKGROUND

[1]A motion to transfer under 28 U.S.C. § 1404(a) is a non-dispositive pretrial matter that a Magistrate Judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). Cain v. Mich. Dept. of Corr., No. 06-CV-14985-DT, 2007 WL 1647883, at *1 n.1 (E.D. Mich. June 5, 2007); see also BMJ Foods P.R., Inc. v. Metromedia Steakhouses Co., L.P., No. 08-1098 (GAG/BJM), 2008 WL 2380948, at *1 (D.P.R. April 16, 2008); Siemens Fin. Servs., Inc. v. Open Advantage M.R.I. II L.P., No. 07-1229(KSH), 2008 WL 564707, at *2 (D.N.J. February 29, 2008).

This motion arises from an action brought by SiteWorks against Oracle alleging contract and tort claims relating to Oracle’s acquisition of certain assets of SiteWorks. Oracle, a Delaware corporation headquartered in Redwood Shores, California, acquired the right to own, develop, and sell the software products SiteMinder and TrialMinder through an Asset Purchase Agreement (“APA”) entered into by the parties on January 21, 2004. The APA required Oracle to pay SiteWorks $4.5 million plus an earn-out of up to $5 million over five years conditioned upon Oracle’s success in selling products based upon the software it acquired from SiteWorks. Following the acquisition, SiteWorks ceased its operations. On January 31, 2006, Oracle merged with Siebel Systems Corporation (“Siebel”), a software company and a competitor of SiteWorks. SiteWorks alleges that Oracle committed fraud and engaged in negligent misrepresentation during the course of its negotiations with SiteWorks and breached its contractual duties by acquiring Siebel and subsequently ceasing development and sales of SiteWorks products.

In the present motion, Oracle argues that this case should be transferred from the Western District of Tennessee to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Oracle contends that venue in the Northern District of California is proper, that the forum selection clause in the APA demonstrates the parties’ intent to litigate disputes arising from the APA in the

Northern District of California, and that transfer is appropriate for the convenience of the parties and witnesses.[2]

In response, SiteWorks argues that the forum selection clause included in the APA is permissive rather than mandatory. Siteworks also argues that, at most, the court should find that the clause is ambiguous, in which case the clause should be construed against Oracle as the drafter and, in any event, should not be enforced because the execution of the APA as a whole was fraudulently induced. SiteWorks further contends that the factors under § 1404(a) weigh against transfer.

## II. ANALYSIS

Section 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court has broad discretion under § 1404(a). Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004). To determine whether transfer is warranted under this section, the court must weigh a number of case-specific factors, including

> the convenience of the parties and witnesses, public-interest factors of systemic integrity, and private concerns falling under the heading "the interest of justice." A forum-selection clause in a contract is one of the factors to consider in this calculus. Such a

[2]SiteWorks does not dispute that venue would have been proper in the courts located in San Mateo and San Francisco Counties in California had the case been originally filed there.

> clause should receive neither dispositive consideration . . . nor no consideration . . . but rather the consideration for which Congress provided in § 1404(a).

Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 537-38 (6th Cir. 2002) (internal citations and quotations omitted).

The burden of proving that transfer is appropriate is on the party moving for transfer, and the plaintiff's choice of forum is entitled to considerable weight. Ellipsis, 329 F. Supp. 2d at 970; see also Amerisourcebergen Drug Corp. v. Meijer, Inc., No. 2:05-CV-0199, 2005 WL 1630843, at *4 (S.D. Ohio July 8, 2005).

**A. Forum Selection Clause in the APA**

Section 13.10(b) of the APA states that

> (b) Unless otherwise explicitly provided in this Agreement, any Proceeding relating to this Agreement or the enforcement of any provision of this Agreement *may* be brought or otherwise commenced in any state or federal court located in the County of San Mateo, California or in the County of San Francisco, California. Each Party:
>
> (i) expressly and irrevocably consents and submits to the jurisdiction of each state and federal court located in the County of San Mateo, California or in the County of San Francisco, California, and each appellate court located in the State of California, in connection with any such proceeding;
>
> (ii) agrees that each state and federal court located in the County of San Mateo, California or in the County of San Francisco, California, shall be deemed to be a convenient forum; and
>
> (iii) agrees not to assert, by way of motion, as a defense or otherwise, in any such Proceeding commenced in any state or federal court located in the County of San Mateo, California or in the County of San Francisco, California, any claim that such Party is not subject personally to the jurisdiction of such court, that such Proceeding has been brought in an inconvenient forum,

> that the venue of such Proceeding is improper or that this Agreement or the subject matter of this Agreement may not be enforced in or by such court.

(emphasis added). A forum selection clause in a contract is a factor that must be considered by the court in deciding a motion to transfer, but such a clause should receive neither dispositive consideration nor no consideration. Kerobo, 285 F.3d at 537-38; Greenfield Products, Inc. v. Batesville Tool & Die, Inc., No. 1:08cv38, 2008 WL 924524, at *4 (S.D. Ohio April 2, 2008); see also Bennet v. America Online, Inc., 471 F. Supp. 2d 814, 819 (E.D. Mich. 2007) (describing a forum selection clause as a "significant factor" in deciding a motion to transfer venue); Fred Montesi's Inc. v. Centimark Corp., No. 04-2957, 2006 WL 1174480, at *3 (W.D. Tenn. May 2, 2006) (stating that "[f]orum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.").

A forum selection clause is mandatory if it contains "clear language showing that jurisdiction is appropriate *only* in the designated forum." Fred Montesi's, 2006 WL 1174480, at *3 (emphasis added). A clause is permissive if it "authorize[s] jurisdiction in a designated forum, but do[es] not prohibit litigation elsewhere." Id. If a forum selection clause is permissive, the parties are not bound to bring suit in the designated forum. English Mountain Spring Water Co., Inc. v. AIDCO

Int'l, Inc., No. 3:07-cv-324, 2007 WL 3378344, at *2 (E.D. Tenn. Nov. 13, 2007).

While it is clear from the language of the APA that the parties consented to jurisdiction in any state or federal court in either San Mateo or San Francisco Counties, the APA certainly does not prohibit litigation elsewhere. The forum selection clause expressly states that the parties "may" bring suit in those courts; it does not contain mandatory language such as "must" or "shall." See English Mountain Spring Water, 2007 WL 3378344, at *2 ("The lack of exclusive language in the forum-selection clause currently before the court establishes that the parties intended this clause to be permissive, not mandatory."); Fred Montesi's, 2006 WL 1174480, at *5 (finding that the combination of the language "shall be vested" and "the Purchaser irrevocably waives any objection it now has or may hereafter have to the convenience or propriety of this venue" indicated that the forum selection clause as a whole was mandatory); Union Planters Bank, N.A. v. EMC Mortgage Corp., 67 F. Supp. 2d 915, 922 (W.D. Tenn. 1999) (finding that the language "shall be submitted" in the forum selection clause was mandatory). Here, the language used by the parties in section 13.10(b) of the APA is permissive. Moreover, subsections (i), (ii), and (iii) of section 13.10(b) are not inconsistent with the permissive language of the section, as these subsections only apply in "any such proceedings" filed in courts in San Mateo or San Francisco

Counties.

Oracle contends that a Letter of Intent executed by the parties prior to entering into the APA demonstrates that the parties intended to make the forum selection provision in the APA mandatory. Oracle claims that its in-house counsel drafted the mandatory language in the Letter of Intent and that Oracle had intended for the mandatory language to be included in the APA. (4/15/08 Villalta Decl. ¶ 4-5). Oracle also believes that its outside counsel, who was responsible for preparing the final version of the APA, inadvertently used permissive language contained in a "form" agreement and that in approving the APA, the parties had not intended to change the mandatory language in the forum selection clause. (Id. ¶ 4-6).

Even if the court were inclined to consider these facts in light of the unambiguous language of section 13.10(b), the declarations submitted by Villalta do not persuade the court that SiteWorks intended to include a mandatory forum selection provision in the APA. In paragraph 5 of the declaration signed by Villalta on March 26, 2008 and attached to Oracle's motion, he states that "[a]s part of the negotiations leading to the APA, Oracle and SiteWorks agreed in Paragraph 13.10 that any disputes arising under the APA *should be* brought within the Northern District of California." (emphasis added). In his April 15 declaration, Villalta states that Oracle and SiteWorks negotiated for the

inclusion of a mandatory forum selection clause "in the [Letter of Intent]" and that SiteWorks agreed to a mandatory forum selection clause "which is included as Section 7 of the [Letter of Intent]." (4/15/08 Villalta Decl. ¶ 4). However, although Villalta states that he "understood from [his] dealings with SiteWorks" that SiteWorks, like Oracle, intended that all substantive deal points in the Letter of Intent be carried over unchanged to the APA, it is unclear from the declaration the basis of Villalta's "understanding" or whether Villalta's understanding is based on admissible evidence. While Villalta's declarations demonstrate that Oracle may have intended to include the mandatory forum selection provision in the APA, the declarations do not sufficiently demonstrate that SiteWorks had the same intent.

**B.  Convenience of the Parties and Witnesses**

The court finds that this factor relating to the convenience of the parties and witnesses, at most, weighs only slightly in favor of transfer. On the one hand, several key witnesses for SiteWorks, including Dee Anna Smith and Phil Cestaro (principals of SiteWorks) and three former SiteWorks employees, currently reside in Tennessee, and other key witnesses, including current and former employees of Oracle, currently reside in New Jersey, Pennsylvania, Massachusetts, and New York. On the other hand, Oracle employees who negotiated with SiteWorks to acquire its assets, were responsible for deciding the extent and ongoing investment of

resources in SiteWorks' products, and were responsible for the acquisition of Siebel are located in northern California, as are the Siebel employees who were involved in the acquisition and whose trial testimony will likely have to be presented through deposition testimony if the case is not transferred. However, since several of the key witnesses are located outside of both Tennessee and California, it appears that the trial testimony of many important witnesses may have to be presented by deposition and that the inconvenience to both parties will be substantially the same regardless of where the case is litigated. "The court should not transfer a case where the transfer would simply exchange the inconvenience of one party for that of the other." English Mountain Spring Water, 2007 WL 3378344, at *3; see also Amerisourcebergen, 2005 WL 1630843, at *5 (noting that plaintiff failed to demonstrate that key witness was unwilling to attend trial in Michigan).

**C. Public Interest Factors**

"Public interest factors include the issues of congested dockets, concerns about resolving controversies locally, and in a diversity case, having the trial in the forum that is at home with the state law that must govern the case." Fred Montesi's, 2006 WL 1174480, at *5. The APA includes a choice of law provision which provides that California law governs disputes arising under the contract. A federal district court must apply the choice of law

rules of the state in which it sits. Fred Montesi's, 2006 WL 1174480, at *6. "Tennessee will honor a choice of law clause if the state whose law is chosen bears a reasonable relation to the transaction, absent a violation of [] Tennessee's public policy." Id. at *6. Based on the record before the court, it appears that California bears a reasonable relation to the transaction and there is no apparent violation of Tennessee's public policy. Moreover, the parties do not dispute that California law governs the issues in dispute. Although California law governs, the allegations in the complaint are based on common law contract principles and California statutory law that appear to be generally consistent with Tennessee law. Thus, this factor weighs only slightly in favor of transfer.

**D. Private Interest Factors**

Private interest factors include "the relative ease of access to the source of proof, availability of compulsory process for attendance of unwilling witness[es], the cost of obtaining attendance of willing witness[es], the possibility of viewing the premises, and all other practical problems that make trial of a case easy, expeditious, and inexpensive." Fred Montesi's, 2006 WL 1174480, at *7. The court finds that overall these factors weigh against transfer. SiteWorks contends, and Oracle does not dispute, that Oracle's documents are stored in a web-based repository and are accessible from any location. (Cestaro Decl. ¶ 6; Smith Decl.

¶ 6). In any event, regardless of the location of the documents, Oracle has failed to show that transporting the documents from their current location to Tennessee or having the documents reviewed in California would cause a specific hardship. See Amerisourcebergen, 2005 WL 1630843, at *5. Moreover, SiteWorks has no net worth, very little revenue, no gross profits, no assets, and must borrow from its owners in order to pay the litigation expenses. (Cestaro Decl. ¶ 11; Smith Decl. ¶ 11). Conversely, Oracle's annual operating revenue is approximately $18 billion, its gross operating profit is $14 billion, its net profit is $6 billion, and its assets are valued at approximately $7 billion. (Cestaro Decl. ¶ 11; Smith Decl. ¶ 11); see Ellipsis, 329 F. Supp. 2d at 970 (stating that "the relative ability of litigants to bear expenses in any particular forum" is a factor courts should consider in deciding a motion to transfer); Union Planters Bank, 67 F. Supp. 2d at 921 (courts consider the financial strength of the parties in deciding motions to transfer). Finally, according to the pleadings and the briefs filed in connection with this motion, the operative events giving rise to this litigation occurred in both Tennessee and California, as well as in other jurisdictions, and thus this factor does not support Oracle's contention that the case should be transferred.

**III. CONCLUSION**

On balance, the court concludes that the factors under 28

U.S.C. § 1404(a) weigh against transfer of this litigation to the Northern District of California. Therefore, the motion to transfer is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 22, 2008
Date