IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| SITEWORKS SOLUTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 08-2130-STA |
| ORACLE CORPORATION, AND OIC ACQUISTION V CORPORATION; | ) ) ) | |
| Defendants. | ) ) | |

_____

**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS' FEES**
_____

Before the Court is Defendants' Oracle Corporation and OIC Acquisition V Corporation, collectively "Oracle," Motion for Attorneys' Fees (D.E. # 64) filed on December 16, 2009.[1] Plaintiff SiteWorks Solutions, Inc. filed a response in opposition to the instant Motion (D.E. # 65) on December 24, 2009.  Defendant has filed a reply brief in this matter.  For the reasons set forth below, Defendant's Motion is **GRANTED**.

### BACKGROUND

Plaintiff brought this diversity action against Defendant alleging primarily a breach of contract claim.  More specifically, a breach of the Asset Purchase Agreement ("APA") entered into by the parties.  The Court granted Defendant's Motion for Summary Judgment on December 1, 2009.  On December 7, 2009, the Plaintiff filed a Notice of Appeal in this matter.  As noted

---

[1] In the instant Motion before the Court, the Defendants refer to themselves collectively as "Oracle."  Therefore, for purposes of this Motion, any reference to Defendant includes both Oracle Corporation and OIC Acquisition V Corporation.

1

above, on December 16, 2009, the Defendant filed the instant Motion before the Court for attorneys' fees in the amount of $368,849.70.

In the Motion before the Court, the Defendant argues that as the prevailing party it is entitled to reasonable attorney fees and costs under paragraph 13.5 of the APA. Defendant contends that the $368,849.70, which was determined by multiplying the number of hours each attorney billed by the corresponding hourly rate charged by each attorney, is reasonable. This amount consists of $25,126.11 fees incurred by Bass, Berry & Sims, PLC, Memphis counsel, and $ 343,723.50 by Holme Roberts & Owen LLP, California counsel. (Decl. of John S. Goldwen ¶ 8, Dec. 16, 2009; Decl. of Meryl Macklin ¶ 12, Dec. 16, 2009). Defendant asserts that it was reasonable to engage Meryl Macklin as California counsel due to her established relationship with Oracle.

In response in opposition, the Plaintiff asserts that any award of attorney fees by this Court is premature. More specifically, the Plaintiff contends that there is no prevailing party until the appeal is resolved. To support its position, Plaintiff relies on paragraph 13.5 of the APA, the definition of "proceeding" set forth in Appendix A of the APA, the definition of "prevailing party" in Black's Law Dictionary, and the fact that appellate review is de novo. Plaintiff further argues that any determination of attorneys fees at this stage would be a "waste of legal and judicial resources."

In the event that an award is appropriate at this stage, the Plaintiff contends that Defendant's fees should be reduced by (1) Defendant's expenses for trying to transfer venue and Plaintiff's expenses in successfully resisting the transfer, (2) the Defendant's expenses for obtaining deadline extensions, and (3) certain inefficiencies. As to Defendants alleged

2

inefficiencies, Plaintiff contends that Defendant's counsel unnecessarily involved eleven (11) personnel on this matter.

In its reply brief, the Defendant again asserts that it is undisputedly the prevailing party since this Court granted summary judgment in its favor. Defendant also notes that broad contractual loser-pay-all provisions such as paragraph 13.5 of the APA are recognized under California law and entitle the prevailing party to its entire cost of litigation. Finally, the Defendant again asserts that its requested fees of $ 368,849.70 are reasonable.

## ANALYSIS

The parties do not dispute that the substantive law of California applies in this diversity case, as such the Court is bound to apply the substantive law of California as if the action had been brought in the courts of that state.[2] Under the *Erie* doctrine, a federal court must apply the substantive law of a state as it has been determined by the highest court of the state.[3] When the highest court of the state has not answered a particular question of law, the federal court must discern or predict how the state courts would respond if confronted with the same question.[4] The federal court must ascertain from all available data what the law is and apply it.[5] In the absence of any indication that the state's highest court would adopt a rule contrary to the rule announced in an intermediate appellate court, a federal court is not free to ignore the announcement of a

---

[2] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[3] *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003).

[4] *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*, 740 F.2d 1362, 1365 (6th Cir. 1984); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981).

[5] *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601 (6th Cir. 1985).

state appellate court on matters of state law.[6]

As a preliminary matter, the Plaintiff adamantly contends that at this stage any determination of attorney fees by this Court is premature. The Court, however, disagrees. Contrary to Plaintiff's argument, the filing of a notice of appeal does not deprive the trial court of jurisdiction to award attorney fees as costs post trial under California law.[7] Although a prevailing party at trial may not be the prevailing party after an appeal, California courts have held that a motion for attorney fees is not premature despite the filing of a notice of appeal.[8] In short, the Court finds that a determination of attorney fees at this stage is not premature.

In the case at bar, it is undisputed that paragraph 13.5[9] of APA contained a contractual

---

[6] *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

[7] *Bankes v. Lucas*, 9 Cal.App.4th 365, 368 (Cal. Ct. App. 1992).

[8] *Id.* (citing *Walsh v. New West Fed. Sav. & Loan Assn.*, 234 Cal.App.3d 1539 (1991)). *See generally Gilbert v. Wisdom*, 2010 Cal. App. unpub. LEXIS 831, (Cal. Ct. App. Feb. 4, 2010) (finding that trial court has jurisdiction to hear motion for attorney fees after notice of appeal is filed). The Court recognizes that *Gilbert v. Wisdom* is an unpublished opinion. The Court also notes that California Rules of Court Rule 8.1115(a) prohibits California courts from relying on or citing unpublished opinions. Rule 8.1115(a), however, is a procedural rather than a substantive rule of law. Under the *Erie* doctrine, as noted above, this Court is not free to ignore the announcement of a state appellate court on matters of substantive state law. Therefore, for purposes of this Order, the Court will consider the substantive portions of *Gilbert v. Wisdom*, despite the fact that it is an unpublished opinion.

[9] Paragraph 13.5 provides: "If any Proceeding relating to any of the Transaction Agreements or the enforcement of any provision of any of the Transaction Agreements is brought against any Party to this Agreement, the prevailing party shall be entitled to recover reasonable attorneys' fees, costs and disbursements, in addition to any other relief to which the prevailing party may be entitled."
    Appendix A defines "proceeding" as "any action, suit, litigation, arbitration, proceeding, including any civil, criminal, administrative, investigative or appellate proceeding and any informal proceeding, prosecution, contest, hearing, inquiry, inquest, audit, examination or investigation commenced, brought, conducted or heard by a or before or otherwise involving, any Governmental Body or any arbitrator or arbitration panel."

provision for attorney fees.

> Cal. Civil Code § 1717(a) provides:
>
> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the *prevailing party*, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.[10]

The Plaintiff argues that at this stage no "prevailing party" exists since the matter is on appeal. As noted above, however, the Court disagrees. § 1717 defines the prevailing party as the one who recovers a greater relief in the action on the contract.[11] California courts have noted that the grant of a motion for summary judgment makes the moving party the "prevailing party" for purposes of § 1717.[12] Since the Court granted summary judgment to Defendant as to Plaintiff's contract claims, Defendant is the prevailing party for purposes of § 1717. As such, Defendant is entitled to "reasonable attorney's fees."

As a preliminary matter, the Court acknowledges that § 1717 has a limited application. More specifically, it only covers contract causes of action.[13] Here, Plaintiff's Complaint contained various causes of action such as tort claims, in addition to its breach of contract claim. At this stage, however, the parties do not dispute that the gravamen of the action is Plaintiff's breach of contract claim. Additionally, California courts have found broadly worded attorney

---

[10] Cal. Civil Code § 1717(a). (emphasis added).

[11] *Hsu v. Abbara*, 9 Cal. 4th 863, 876 (1995).

[12] *Flynn v. Page*, 218 Cal. App.3d 342, 348 (Cal. Ct. App. 1990)("Had Flynn's earlier motion for summary judgment been granted, then Flynn would be the prevailing party on the cross-complaint and ultimately, the party prevailing on the contract would be 'the party who recovered a greater relief in the action on the contract.'").

[13] *F.D.I.C. v. Dintino*, 167 Cal.App.4th 333, 357 (Cal. Ct. App. 2008).

fee clauses, such as the one in the case at bar[14], to cover both tort and contract claims.[15] As such, the Court is not willing to attempt to extrapolate which of Defendant's fees were associated solely with the contract claim. Nor, do the parties ask it to.

Under California law, the trial court has broad authority to determine the amount of a reasonable fee.[16] The fee setting inquiry ordinarily begins with the "lodestar," i.e. the number of hours reasonably expended multiplied by the reasonable hourly rate.[17] The reasonable hourly rate is that prevailing in the community for similar work.[18] The loadstar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided.[19]

In the case at bar, the $368,849.70 requested by the Defendant represents the "number of hours each attorney billed [multiplied] by the corresponding hourly rate charged by each attorney." Counselors Golwen and Macklin both have provided the Court with affidavits indicating that the hourly rates charged are reasonable for their market of practice. The Court, however, notes that counsel's fee affidavits request $25,126.11 and $343,723.50 which equates

---

[14] Section 13.5 of the APA states in pertinent part: "If any Proceeding relating to any of the Transaction Agreements or the enforcement of any provision of any of the Transaction Agreements is brought against any Party to this Agreement . . ." This contractual provision is characterized by both parties as a "winner-take-all" provision. As such, the Court notes the prevailing party is entitled to attorney fees for all claims as opposed to just the contract claim under § 1717.

[15] *See Cruz v. Ayromloo*, 155 Cal. App. 4th 1270, 1276-77 (Cal. Ct. App. 2007).

[16] *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000).

[17] *Id.*

[18] *Id.*

[19] *Id.*

to $368,849.61, not $368,849.70.  As such, the $368,849.61 represents the loadstar figure in this case.  This amount appears reasonable to the Court and thus there is no need to make any adjustments.

Plaintiff contends that Defendant's fees should be reduced for (1) trying to transfer venue, (2) obtaining deadline extensions, and (3) certain inefficiencies.  Plaintiff, however, provides no case law to support its position.  As such, the Court declines to make any reductions based on Plaintiff's assertions alone.

## CONCLUSION

For the reasons noted above, the Court awards Defendant attorney fees in the amount of $368, 849.61.  As such, Defendants' Motion for Attorneys' Fees is **GRANTED**.

**IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

Date: March 9th, 2010.